UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASSANDRA A.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C23-5409-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. The parties agree that the ALJ's decision contains legal error and must be reversed but disagree as to the proper remedy. (Dkt. ## 25-26.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

On October 23, 2018, Plaintiff applied for benefits, alleging disability as of July 1, 2016. AR at 15. Plaintiff's applications were denied initially on December 11, 2019, and upon reconsideration on May 12, 2020, and Plaintiff requested a hearing. *Id.* After the ALJ conducted

ORDER - 1

a telephonic hearing on December 15, 2020, the ALJ issued a decision finding that Plaintiff was not disabled. *Id.* at 15-33. The Appeals Council denied review. *Id.* at 1-6.

On April 25, 2022, the U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand for further administrative proceedings. AR at 1103-04. The ALJ held another telephonic hearing on November 9, 2022, (*id*. at 1006) and subsequently issued a decision finding Plaintiff disabled beginning in August 2021, but not disabled before that date. *Id.* at 1020. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 7.)

### III.  LEGAL STANDARDS

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)).

To remand for benefits, the Court must find: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose, a determination that includes consideration of whether any outstanding issues must be resolved before determining disability; and (3) that, if improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter*, 806 F.3d at 495; *Treichler*, 775 F.3d at 1099; *see also Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). A court credits evidence as true only after determining that the record has been fully developed and contains no conflicts, thus rendering further proceedings useless. *See Treichler*, 775 F.3d at 1101, 1105.

ORDER - 2

## IV.  DISCUSSION

In this case, the parties agree the ALJ's decision contains legal error, specifically that the ALJ provided no reason to reject handling limitations opined by Derek Leinenbach, M.D., but failed to include them in assessing Plaintiff's residual functional capacity ("RFC"). (Dkt. # 25 at 2-4.) As a result, the Commissioner filed a response requesting the Court remand to allow a new ALJ to: (1) offer Plaintiff the opportunity for a new hearing regarding the relevant period up to August 2021, and to take any necessary action to complete the administrative record and issue a new decision; (2) reassess the medical opinions, prior agency medical findings, and other evidence in the record; (3) reevaluate Plaintiff's allegations and RFC; and (4) proceed with the sequential evaluation process, obtaining supplemental vocational expert testimony as necessary. (*Id*. at 2.)

Plaintiff requests a finding of disability, initially arguing only that Plaintiff "satisfies all three parts of the credit-as-true test, as the evidence the ALJ improperly discredited supports a finding of disability." (Dkt. # 15 at 19.) On reply, Plaintiff elaborates that if the Court were to credit the opinions of Dr. Peter Weiss, Dr. Wendy Hartinger, Dr. Heather Deming, Dr. Emily Bardolph, ARNP Kaelie Murray, and Plaintiff's testimony as true, such evidence demonstrates that Plaintiff was also disabled for the period between October 2018 and August 2021. (Dkt. # 26 at 8-10.) Plaintiff alternatively argues that Dr. Leinenbach's opinion has limited probative value on remand because it is dated ten months after Plaintiff's approved disability onset date in August 2021. (*Id.* at 9.)

In the Commissioner's response, the Commissioner points to several conflicts in the medical evidence that should be resolved on remand and/or otherwise cast doubt on Plaintiff's eligibility for benefits prior to August 2021. (Dkt. # 25 at 6-7.) For instance, the Commissioner

ORDER - 3

1 notes Dr. Leinenbach's opinion offers conclusions on Plaintiff's functional capabilities that
2 contrast with evidence Plaintiff asks to credit as true in addition to the fact that the ALJ's RFC
3 finding does not currently comport with unrejected handling limitations assessed by Dr.
4 Leinenbach. (*See id.* at 6 (citing AR 1041-44 (testimony from the testifying medical expert
5 opining that Plaintiff had the ability to function consistent with a reduced range of light work
6 during the contested period)).) The Commissioner also notes Dr. Leinenbach's opinion requires
7 consideration on remand as to whether handling limitations assessed by Dr. Leinenbach (AR at
8 2117) are persuasive considering all the evidence in the record, and because the ALJ's error in
9 evaluating Dr. Leinenbach's opinion created a gap in the vocational expert testimony regarding
10 how Plaintiff's opined limitations might further limit her occupational base. (*See* dkt. # 25 at 6.)

11       Here, Plaintiff only offers conclusory argument that the credit-as-true test has been
12 satisfied for the above identified medical opinions and Plaintiff's testimony based on the
13 Commissioner's alleged failure to dispute those aspects from Plaintiff's opening brief in
14 conceding remand. (*See* dkt. # 26 at 8-10.) But in considering whether to remand for an award of
15 benefits, the Court must "assess whether there are outstanding issues requiring resolution *before*
16 considering whether to hold that [the evidence at issue] is credible as a matter of law." *Treichler*,
17 775 F.3d at 1105 (9th Cir. 2014) (emphasis in original). The errors identified with respect to Dr.
18 Leinenbach's opinion must therefore be reconciled with all the opinion evidence, Plaintiff's
19 testimony, and the other evidence in the record based on its potential to impact Plaintiff's RFC,
20 and the jobs she may be eligible for, for her allegations of disability from October 2018 to
21 August 2021. Accordingly, under these circumstances, the Court finds Plaintiff has not shown
22 the extraordinary remedy of a remand for a finding of benefits is appropriate here. *See Leon v.*
23

ORDER - 4

*Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, a new ALJ shall: offer Plaintiff an opportunity for a new hearing regarding the relevant period up to August 2021; take any action necessary to complete the administrative record; reevaluate the opinion evidence and other evidence in the record; reevaluate Plaintiff's testimony and RFC; obtain supplemental vocational expert testimony, if necessary; and continue with the sequential evaluation.

Dated this 24th day of January, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge